IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JAMES BAGLEY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **C.A. NO. 4:19-CV-03755** |
| | § | **(JURY DEMANDED)** |
| **MONTGOMERY COUNTY SHERIFF'S** | § | |
| **OFFICE and MONTGOMERY** | § | |
| **COUNTY, TEXAS,** | § | |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, JAMES BAGLEY, hereby becoming Plaintiff in the above-entitled and numbered cause, by and through its undersigned counsel, hereby respectfully files this Original Complaint, complaining of Defendants, MONTGOMERY COUNTY SHERIFF'S OFFICE and MONTGOMERY COUNTY, TEXAS (hereinafter collectively referred to as "Defendants"), and for causes of action, would hereby respectfully show unto this Honorable Court as follows:

### NATURE OF ACTION AND STATEMENT OF CLAIMS

1.     Plaintiff brings this civil action for damages against Defendants, Montgomery County Sheriff's Office and Montgomery County, Texas, for their wrongful conduct which violated Plaintiff's Constitutional rights resulting in injury and damages to Plaintiff. Plaintiff brings this action pursuant to, *inter alia*, 42 U.S.C. § 1983, which provides an express cause of action and redress for every person within the jurisdiction of the United States, and the States therein, that has been deprived of, or suffered a violation of, any rights, privileges, and/or immunities secured by the Constitution and laws of the United States, and the States therein, under color of state law.

2.      Specifically, Plaintiff alleges that the wrongful detainment and/or arrest, mistreatment during detainment and/or arrest, and/or excessive, improper, and unnecessary punishment committed against Plaintiff violated rights guaranteed to Plaintiff by, *inter alia*, the Fourth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and gives rise to various state law claims for the negligent and/or intentional acts of Defendants, including as set forth more fully below.

3.      As a result of the above acts, omissions, and violations, Plaintiff seeks compensatory and punitive damages, together with reasonable attorneys' fees, including expert fees, including as authorized by 42 U.S.C. § 1988.

## PARTIES

4.      Plaintiff, JAMES BAGLEY, is an individual residing in Montgomery County, Texas.

5.      Defendant, MONTGOMERY COUNTY SHERIFF'S OFFICE ("MCSO"), is a Texas municipality located in Montgomery County, Texas and a necessary and proper party to this suit, including pursuant to Section 37.006 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant MCSO may be served with process herein by serving Montgomery County Judge, Honorable Mark J. Keough, at Alan B. Sadler Commissioners' Court Building, 501 North Thompson, Fourth Floor, Suite 401, Conroe, Texas 77301, or wherever he may be found. A citation and summons, and service thereof, are hereby respectfully requested contemporaneously herewith.

6.      Defendant, MONTGOMERY COUNTY, TEXAS ("MCTX"), is a Texas municipality located in Montgomery County, Texas and a necessary and proper party to this suit, including pursuant to Section 37.006 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. Defendant MCTX may be served with process herein by serving Montgomery County Judge,

Honorable Mark J. Keough, at Alan B. Sadler Commissioners' Court Building, 501 North Thompson, Fourth Floor, Suite 401, Conroe, Texas 77301, or wherever he may be found. A citation and summons, and service thereof, are hereby respectfully requested contemporaneously herewith.

### JURISDICTION AND VENUE

7.      This action arises under the Laws of the United States, 42 fU.S.C. § 1981, *et seq.*, including 42 U.S.C. §§ 1983 and 1988. This Court has subject matter jurisdiction over this case, including pursuant to 28 U.S.C. §§ 1331 and 1343(a). This Court has jurisdiction over the controversy, including because the damages are within the jurisdictional limits of this Court.

8.      This Court has personal jurisdiction over Defendants, including pursuant to 42 U.S.C. §§ 1981 and 1983, including because Defendants are municipalities located and existing in, and established under the laws and Constitution of, the State of Texas.

9.      Venue is proper in this District, including pursuant to 28 U.S.C. § 1391, including because all parties are residents of this District; all Defendants are subject to personal jurisdiction in the State of Texas and this District; and all, or a substantial part, of the events and/or omissions giving rise to Plaintiff's claims occurred in this District.

### MISNOMER / ALTER EGO

10.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

11.      Further, to the extent that any of the above-named Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to Rule 17 of the FEDERAL RULES OF CIVIL PROCEDURE and Rule 28 of the TEXAS RULES OF CIVIL PROCEDURE, and Plaintiff hereby respectfully demands that, upon answering this suit, that they

answer in their correct legal name and assumed name.

## STATEMENT OF FACTS

12.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

13.     On or about September 15, 2017, Plaintiff was arrested on suspicion of driving while intoxicated in Montgomery County, Texas. Plaintiff was then placed in Montgomery County jail, under the care of Defendants. Plaintiff was held in jail for nearly a week until he was released due to medical issues caused by Defendants.

14.     Indeed, while housed in jail, Defendants failed to properly provide Plaintiff with his required, prescribed epilepsy medication, including failing to provide Plaintiff with the proper amounts of his prescription medication and/or failed to provide Plaintiff with his medication at all.

15.     Also, while Plaintiff was in jail, in addition to Defendants' blatant failure to properly care for those within their custody, Defendants refused to heed the advice of Plaintiff's wife and doctors regarding Plaintiff's condition and the requirement for his medications. Over the course of Plaintiff's incarceration, Plaintiff's wife would communicate with Plaintiff regarding Plaintiff's need for his medications and Defendants' lack of providing same. Plaintiff spoke with his wife over the five (5) days prior to her first arrival at the jail. Plaintiff's wife came to visit Plaintiff, *inter alia*, to bring Plaintiff's medications which were in the bottles as prescribed by Plaintiff's doctors and filled by Plaintiff's pharmacists. In fact, Defendants specifically called the pharmacy at which Plaintiff filled his medication, yet, even after speaking to the pharmacist, Defendants still refused to provide the correct medications and amounts to Plaintiff.

16.     Once realizing Defendants were refusing to properly treat Plaintiff, Plaintiff's wife began going every night in an attempt to speak with a nurse about the amounts of each medication Plaintiff was taking at the time for the seizure, and the fact that Defendants were not providing a

sufficient amount to control Plaintiff's condition. After speaking to a nurse, the nurse wrote down the information and stated Defendants would take care of the issue regarding the medications. Specifically, Plaintiff's wife would continually bring the bottles with Plaintiff's medications, and she specifically saw Defendants writing down the medications and dosage level. However, Defendants never actually gave Plaintiff his correct medications and/or the correct amounts, which lead to major complications, including as noted herein.

17.     Plaintiff's wife, thinking the issue was resolved, was then waiting for Plaintiff, her husband, to be released by Defendants. While Plaintiff was, eventually, release, it was, unfortunately, solely because Plaintiff had suffered a major, serious seizure and had to be released so that Plaintiff could be transported to the hospital. Moreover, when Plaintiff's wife went to visit that night, she was never notified of Plaintiff's condition until after she had sat for hours waiting at the jail.

18.     At the same time, while in jail, Plaintiff would also attempt to make the issue clear to Defendants, including by regularly requesting to speak with the in-house doctor at the jail and explain Plaintiff's situation. Specifically, epilepsy medication can be highly specialized, and the amounts and types of medications are very commonly required to be specifically tailored to an individual, often only after long periods of trial and error with slight adjustments until the person's condition is determined to be controlled. This is, *inter alia*, what Plaintiff attempted to explain to Defendants, while Plaintiff continually requested his specific medications and amounts. Plaintiff even impressed upon Defendants the severity of Plaintiff's disorder and condition, including because, as Plaintiff noted to Defendants, Plaintiff could suffer serious effects, such as seizures or even death from his condition. Indeed, Plaintiff could suffer seizures for hours if he was not able, or permitted, to his proper medication treatment regimen. However, again, despite Plaintiff's continued pleading and explanation to Defendants, Defendants continued to refuse to give Plaintiff

his proper medications and/or the amounts thereof.

19.     As a result of Defendants' failure and refusal to provide Plaintiff his proper medications, Plaintiff suffered a partial seizure on or about September 21, 2017. However, Defendants continued to refuse to properly treat Plaintiff. Thus, the very next day, September 22, 2017, Plaintiff suffered a massive seizure, which required Plaintiff be forcefully released from Defendants' custody and taken to the hospital. While at the hospital, Plaintiff was required to be placed into coma in order to prevent further brain damage until his condition was stable. Because of this, Plaintiff was unable to give a proper medical history and inform the hospital staff the precise medications and amounts he was taking. This resulted in further issues, such as Plaintiff having multiple smaller seizures while the hospital staff attempted to control Plaintiff's condition and make the medication determinations. This included constant monitoring of Plaintiff's blood to determine what types and amount of medication were in his blood once his condition was stabilized.

20.     Plaintiff remained in the hospital, almost entirely unable to do anything for himself, for three (3) days. Plaintiff was finally determined fit to leave from the hospital on September 24, 2017. However, the effects of the massive seizures resulted in Plaintiff being essentially bedridden and with severe, debilitating mental trauma, rendering Plaintiff entirely disabled and of unsound mind for the next week. Plaintiff was only able to regain full cognitive function in the early days of October of 2017 sufficient to be aware of what had transpired.

21.     However, Plaintiff's troubles were not over. A very serious and important complication that sufferers of epilepsy face is that a single seizure results in an exponentially higher chance of future seizures. Moreover, the more severe any single seizure is (either intensity

or length), the higher the change of more severe future seizures exists.[1] That is precisely what occurred. In fact, since Plaintiff's eventual recovery in early October of 2017 from Defendants' failure to properly treat Plaintiff, Plaintiff has suffered numerous additional seizures in varying degrees. This is a stark contrast to Plaintiff's prior history of seizures which, until the seizures Plaintiff had while in custody of Defendants, was almost non-existent. However, since then, Plaintiff has been hospitalized due to seizures on multiple other occasions, including in early November of 2017 (a mere two (2) months after his recovery) and approximately two (2) months later in late January of 2018.

22.     None of the above seizures would have occurred, and Plaintiff would have been entirely disabled for over two (2) weeks until October of 2017, had Defendants simply listened to Plaintiff, Plaintiff's wife, and/or the pharmacist whom all informed Defendants that Plaintiff required a specific, individualized regimen of medications to treat his condition. However, because Defendants failed to follow this advice and improperly treated Plaintiff, Plaintiff now suffers debilitating seizures and increased risk of death that simply increases each day and with each seizure Plaintiff has.

## COUNT NO. 1 – CAUSE OF ACTION UNDER 42 U.S.C. § 1983

23.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

24.     In addition to, and in the alternative, without waiving any procedural, contractual, statutory, or common-law right Plaintiff may otherwise have against Defendants' harmful conduct, without waiving any of the other causes of action herein, and incorporating all other allegations

---

[1] Notably, in view of the life-threatening nature of Plaintiff's condition, just early this month, a new law went into effect which seeks to provide Texas schools with tools necessary to prevent issues precisely like what Plaintiff suffered because of Defendants. *See* H.B. No. 684 at https://capitol.texas.gov/tlodocs/86R/billtext/pdf/HB00684I.pdf#navpanes=0.

herein to the extent they are not inconsistent with the cause of action pled here, Defendants are liable to Plaintiff for violating Plaintiff's well-known constitutional rights. Plaintiff had well-known constitutional rights not to be arrested and charged without probable cause, as well as well-known constitutional rights not be improperly detained, refused his valid, life-saving medical treatments, and to be free from cruel and unusual punishment (including as expressly prohibited under Amendment VIII of the United States Constitution).

25.     Defendants knew or had reason to know that they were engaged in unlawful and unconstitutional behavior, including in view of the information given to them by Plaintiff, Plaintiff's wife, and Plaintiff's pharmacist. Despite this knowledge, Defendants permitted the public, generally, and Plaintiff, in particular, to be exposed to the deprivation of his constitutional rights by Defendants' doctors who placed Plaintiff's life at risk based on their intentionally ignoring of Plaintiff's proper medical regimen. Rather than follow the specific instructions given to them by those familiar with Plaintiff's medical condition and treatment – which, as noted, can be highly specialized and individualized to a patient due to the nature of the disorder, Defendants chose to ignore that information and proceed under its own methodology and procedures, knowing that doing so could result in Plaintiff not receiving corrective treatment and suffering life-threatening seizures. Including when executed, these policies, customs, or practices of Defendants are entirely representative of Defendants' official policy regarding the treatment of those incarcerated under Defendants' custody who suffer from life-threatening disorders or diseases, such as Plaintiff.

26.     These deprivations of Plaintiff's constitutional rights were the direct consequence of policies, customs, or practices, as applied by Defendants, or to which those Defendants were deliberately indifferent, and/or acted with deliberate indifference, including but not limited to:

      a.     failure to properly train their staff on policies and procedures to prevent serious

medical conditions of members of the public, such as Plaintiff, from becoming worse while in the custody of Defendants;

b.   failure to properly train and/or hire doctors with sufficient experience to prevent serious medical conditions of members of the public, such as Plaintiff, from becoming worse while in the custody of Defendants;

c.   failure to supervise their staff to ensure that they follow any policies or procedures to prevent serious medical conditions of members of the public, such as Plaintiff, from becoming worse while in the custody of Defendants;

d.   failure to consult with the medical providers of members of the public, such a Plaintiff, which suffer from life-threatening medical conditions while those persons are in the custody of Defendants; and

e.   failure to investigate complaints from Plaintiff and/or Plaintiff's wife regarding the lack of proper treatment of Plaintiff while in the custody of Defendants;

f.   failing to provide the proper assistance and/or training to Defendants' staff with which to properly treat Plaintiff;

g.   acting in a manner which compelled Plaintiff to continue being incarcerated under unsafe conditions, which could (and did) result in seizures by Plaintiff;

h.   failure to provide necessary and proper procedures;

i.   failing to adequately establish and enforce safety rules and regulations;

j.   failing to provide adequate and proper safety instructions, policies, procedures, and/or training to Defendants' employees;

k.   failing to provide adequate and proper safety instructions, policies, procedures, and/or training regarding the proper manner in which to ensure inmates receive proper medical treatment;

l.  failing to enforce proper policies, rules and/or procedures to ensure inmates receive proper medical treatment;

m.  failing to provide, follow, and enforce rules and regulations for the safety of inmates, including Plaintiff;

n.  failing to provide safety instructions, policies, procedures, and/or training to prevent inmates from suffering complications or death from known severe medical conditions;

o.  creating the dangerous condition; and

p.  failing to eliminate unsafe methods and operations.

27.     Defendants' policies, customs, or practices, and/or lack thereof, were a direct cause in fact of the deprivation of civil rights inflicted on Plaintiff, and they were further the proximate cause of Plaintiff's injuries and damages, including as discussed more fully below. Further, Defendants policies, customs, or practices, and/or lack thereof, served as the moving force behind the constitutional violations at issue herein, and Plaintiff's injuries and damages resulted from the execution of such policies, customs, and practices and/or failure to execute. Defendants deliberately and consciously chose the policies, customs, or practices underlying Plaintiff's claims, and/or were deliberately indifferent, and/or acted with deliberate indifference, to Plaintiff's constitutional rights.

### COUNT NO. 2 – CAUSE OF ACTION FOR VIOLATIONS OF FOURTH AMENDMENT PROTECTIONS AGAINST UNREASONABLE SEIZURE AND INCARCERATION OF PLAINTIFF

28.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

29.     In addition to, and in the alternative, without waiving any procedural, contractual, statutory, or common-law right Plaintiff may otherwise have against Defendants' harmful conduct, without waiving any of the other causes of action herein, and incorporating all other allegations

herein to the extent they are not inconsistent with the cause of action pled here, Defendants are liable to Plaintiff for violating Plaintiff's right to reasonable medical care guaranteed by the Fourteenth Amendment to the United States Constitution.

30.     Defendants' wrongful arrest, mistreatment of Plaintiff, and failure to properly render medical treatment, as described herein, as well as Defendants' policies, customs, and practices, constitute a violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution made applicable to Defendants by the Fourteenth Amendment to the United States Constitution. Specifically, Defendants' conduct violated Plaintiff's rights: (1) to be free from unreasonable seizure of his person under the Fourth Amendment to the Constitution of the United States; and (2) to be free from assault and battery by refusal of Plaintiff's valid, life-saving medical treatments under the Fourth and Fourteenth Amendments to the Constitution of the United States.

31.     Plaintiff hereby respectfully seeks redress, including pursuant to 42 U.S.C. § 1983, for Defendants' clear violations of his constitutional rights which directly and proximately caused the serious, severe, life-threatening, and long-lasting injuries and damages suffered by Plaintiff.

### COUNT NO. 3 – CAUSE OF ACTION FOR VIOLATIONS OF FOURTEENTH AMENDMENT PROTECTIONS BASED ON THE SPECIAL RELATIONSHIP BETWEEN PLAINTIFF AND DEFENDANTS

32.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

33.     In addition to, and in the alternative, without waiving any procedural, contractual, statutory, or common-law right Plaintiff may otherwise have against Defendants' harmful conduct, without waiving any of the other causes of action herein, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled herein, Defendants are liable to the Plaintiff for violating his right to be free from cruel and unusual punishment, including a right protection, including due to the special relationship between Plaintiff and the Defendant

created by Plaintiff's involuntary confinement against his will through the affirmative exercise of Defendants' police powers, guaranteed by the Fourteenth Amendment to the United States Constitution.

34.     Defendants, including by and through their employees, wholly or substantially detained, arrested, and confined Plaintiff against his will in Montgomery County jail. That confinement created a special relationship whereby Defendants owed a constitutional duty to Plaintiff to protect him from physical harm, including physical harm from Defendants and from physical harm due to medical complications. However, Defendants, including by and through their employees, wholly or substantially ignored Plaintiff's clearly established and life-threatening medical condition and his obvious serious medical needs and specific, individualized treatment as a result. Further, Defendants, including by and through their employees, were deliberately indifferent, and/or acted with deliberate indifference, to Plaintiff's obvious and severe medical needs, including as indicated by facts alleged herein, including, but not necessarily limited to, Defendants' failure to train its employees and to properly treat Plaintiff, and those other acts described hereinabove.

35.     Defendants, including by and through their employees, were clearly aware of Plaintiff's serious medical condition, the correct and proper treatment (including the correct and proper medications and the amounts therefor), and the potential for future harm and/or death without proper treatment. Defendants were made aware of such at least as a result of Plaintiff's actions and speech, as well as by communication with Plaintiff's wife and Plaintiff's pharmacist – all of which directly communicated to Defendants and their employees the severity and importance thereof. Ultimately, despite this information, Defendants explicitly denied the proper medical care to Plaintiff and failed to protect him from the known complications from his disorder.

36.     Defendants, including by and through their employees, were acting under color of

State law and according to the official policies, customs, and practices of Montgomery County, Texas. Defendants' actions caused Plaintiff to suffer injuries and damages, including but not necessarily limited to, injuries and damages for violation of Plaintiff's past and future constitutional rights, physical pain, medical bills, mental anguish, lost wages, attorneys' fees, and costs.

### COUNT NO. 4 – CAUSE OF ACTION FOR VIOLATIONS OF EIGHTH AMENDMENT PROTECTIONS OF DUE PROCESS RIGHTS TO REASONABLE MEDICAL CARE

37.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

38.     In addition to, and in the alternative, without waiving any procedural, contractual, statutory, or common-law right Plaintiff may otherwise have against Defendants' harmful conduct, without waiving any of the other causes of action herein, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled herein, Defendants are liable to the Plaintiff for violating his right to be free from cruel and unusual punishment, including a right to reasonable medical care and right to not be force to suffer life-threatening complications from a known medical condition, guaranteed by the Eighth Amendment to the United States Constitution.

39.     Defendants, including by and through their employees, wholly or substantially ignored Plaintiff's clearly established and life-threatening medical condition and his obvious serious medical needs and specific, individualized treatment as a result. Further, Defendants, including by and through their employees, were deliberately indifferent, and/or acted with deliberate indifference, to Plaintiff's obvious and severe medical needs, including as indicated by facts alleged herein, including, but not necessarily limited to, Defendants' failure to train its employees and to properly treat Plaintiff, and those other acts described hereinabove.

40.     Defendants, including by and through their employees, were clearly aware of

Plaintiff's serious medical condition, the correct and proper treatment (including the correct and proper medications and the amounts therefor), and the potential for future harm and/or death without proper treatment. Defendants were made aware of such at least as a result of Plaintiff's actions and speech, as well as by communication with Plaintiff's wife and Plaintiff's pharmacist – all of which directly communicated to Defendants and their employees the severity and importance thereof. Ultimately, despite this information, Defendants explicitly denied the proper medical care to Plaintiff and failed to protect him from the known complications from his disorder.

41.     Defendants, including by and through their employees, were acting under color of State law and according to the official policies, customs, and practices of Montgomery County, Texas. Defendants' actions caused Plaintiff to suffer injuries and damages, including but not necessarily limited to, injuries and damages for violation of Plaintiff's past and future constitutional rights, physical pain, medical bills, mental anguish, lost wages, attorneys' fees, and costs.

### COUNT NO. 5 – CAUSE OF ACTION FOR VIOLATIONS OF FOURTEENTH AMENDMENT PROTECTIONS OF DUE PROCESS RIGHTS TO REASONABLE MEDICAL CARE

42.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

43.     In addition to, and in the alternative, without waiving any procedural, contractual, statutory, or common-law right Plaintiff may otherwise have against Defendants' harmful conduct, without waiving any of the other causes of action herein, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendants are liable to Plaintiff for violating Plaintiff's right to reasonable medical care guaranteed by the Fourteenth Amendment to the United States Constitution.

44.     Defendants, including by and through their employees, wholly or substantially ignored Plaintiff's clearly established and life-threatening medical condition and his obvious

serious medical needs and specific, individualized treatment as a result. Further, Defendants, including by and through their employees, were deliberately indifferent, and/or acted with deliberate indifference, to Plaintiff's obvious and severe medical needs, including as indicated by facts alleged herein, including, but not necessarily limited to, Defendants' failure to train its employees and to properly treat Plaintiff, and those other acts described hereinabove.

45.     Defendants, including by and through their employees, were clearly aware of Plaintiff's serious medical condition, the correct and proper treatment (including the correct and proper medications and the amounts therefor), and the potential for future harm and/or death without proper treatment. Defendants were made aware of such at least as a result of Plaintiff's actions and speech, as well as by communication with Plaintiff's wife and Plaintiff's pharmacist – all of which directly communicated to Defendants and their employees the severity and importance thereof. Ultimately, despite this information, Defendants explicitly denied the proper medical care to Plaintiff and failed to protect him from the known complications from his disorder.

46.     Defendants, including by and through their employees, were acting under color of State law and according to the official policies, customs, and practices of Montgomery County, Texas. Defendants' actions caused Plaintiff to suffer injuries and damages, including but not necessarily limited to, injuries and damages for violation of Plaintiff's past and future constitutional rights, physical pain, medical bills, mental anguish, lost wages, attorneys' fees, and costs.

### COUNT NO. 6 – CAUSE OF ACTION FOR VIOLATIONS OF FOURTEENTH AMENDMENT PROTECTIONS OF RIGHT TO BE FREE FROM STATE-CREATED DANGER

47.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

48.     In addition to, and in the alternative, without waiving any procedural, contractual, statutory, or common-law right Plaintiff may otherwise have against Defendants' harmful conduct,

without waiving any of the other causes of action herein, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled herein, Defendants are liable to the Plaintiff for violating his right to be free from state-created danger guaranteed by the Fourteenth Amendment to the United States Constitution.

49.     Defendants, including by and through their employees, wholly or substantially not only increased, but almost entirely created, the danger to Plaintiff, including, but not necessarily limited to, ignoring Plaintiff's clearly established and life-threatening medical condition and his obvious serious medical needs and specific, individualized treatment, as well as deliberately failing to provide the proper medications and amounts thereof to Plaintiff for his medical condition, which could lead to Plaintiff suffering severe medical problems (such as brain damage) or even death. Further, Defendants, including by and through their employees, were deliberately indifferent, and/or acted with deliberate indifference, to Plaintiff's obvious and severe medical needs, including as indicated by facts alleged herein, including, but not necessarily limited to, Defendants' failure to train its employees and to properly treat Plaintiff, and those other acts described hereinabove.

50.     Defendants, including by and through their employees, were clearly aware of Plaintiff's serious medical condition, the correct and proper treatment (including the correct and proper medications and the amounts therefor), and the potential for future harm and/or death without proper treatment. Defendants were made aware of such at least as a result of Plaintiff's actions and speech, as well as by communication with Plaintiff's wife and Plaintiff's pharmacist – all of which directly communicated to Defendants and their employees the severity and importance thereof. Ultimately, despite this information, Defendants explicitly denied the proper medical care to Plaintiff and failed to protect him from the known complications from his disorder.

51.     Defendants, including by and through their employees, were acting under color of

State law and according to the official policies, customs, and practices of Montgomery County, Texas. Defendants' actions caused Plaintiff to suffer injuries and damages, including but not necessarily limited to, injuries and damages for violation of Plaintiff's past and future constitutional rights, physical pain, medical bills, mental anguish, lost wages, attorneys' fees, and costs.

### COUNT NO. 7 – NEGLIGENCE OF DEFENDANTS

52.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

53.     At all times material hereto, Plaintiff was in the custody and control of Defendants, who incarcerated Plaintiff in Montgomery County jail.

54.     At all times pertinent herein, including on the dates Plaintiff was injured, Plaintiff suffered from a serious and life-threatening medical condition of which Defendants were aware. Despite this knowledge, Defendants failed and refused to provide Plaintiff with proper medical treatment as medically required by his condition. Such negligent, careless, and/or reckless acts and/or omissions of Defendants resulting in Plaintiff's injuries and damages comprised one or more of those described hereinabove, including, but not necessarily limited to:

    a.   failure to properly train their staff on policies and procedures to prevent serious medical conditions of members of the public, such as Plaintiff, from becoming worse while in the custody of Defendants;

    b.   failure to properly train and/or hire doctors with sufficient experience to prevent serious medical conditions of members of the public, such as Plaintiff, from becoming worse while in the custody of Defendants;

    c.   failure to supervise their staff to ensure that they follow any policies or procedures to prevent serious medical conditions of members of the public, such as Plaintiff,

from becoming worse while in the custody of Defendants;

d.  failure to consult with the medical providers of members of the public, such as Plaintiff, which suffer from life-threatening medical conditions while those persons are in the custody of Defendants; and

e.  failure to investigate complaints from Plaintiff and/or Plaintiff's wife regarding the lack of proper treatment of Plaintiff while in the custody of Defendants;

f.  failing to provide the proper assistance and/or training to Defendants' staff with which to properly treat Plaintiff;

g.  acting in a manner which compelled Plaintiff to continue being incarcerated under unsafe conditions, which could (and did) result in seizures by Plaintiff;

h.  failure to provide necessary and proper procedures;

i.  failing to adequately establish and enforce safety rules and regulations;

j.  failing to provide adequate and proper safety instructions, policies, procedures, and/or training to Defendants' employees;

k.  failing to provide adequate and proper safety instructions, policies, procedures, and/or training regarding the proper manner in which to ensure inmates receive proper medical treatment;

l.  failing to enforce proper policies, rules and/or procedures to ensure inmates receive proper medical treatment;

m.  failing to provide, follow, and enforce rules and regulations for the safety of inmates, including Plaintiff;

n.  failing to provide safety instructions, policies, procedures, and/or training to prevent inmates from suffering complications or death from known severe medical conditions;

o. creating the dangerous condition; and

p. failing to eliminate unsafe methods and operations.

55. Each and all of the above and foregoing acts, both of omission and commission, singularly or in combination with others, constituted the negligence of Defendant which directly and proximately caused and resulted in the occurrence made the basis of this lawsuit, which resulted in the injuries and damages suffered by Plaintiff pled herein.

### COUNT NO. 8 – NEGLIGENCE OF DEFENDANTS VIA RES IPSA LOQUITOR

56. Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

57. Including as set forth above, the stated acts and/or omissions of Defendants show that (1) this incident is such that it would not ordinarily occur in the absence of negligence; and (2) the circumstances surrounding the incident, and Plaintiff's injuries and damages, are shown to have been under the control of Defendants.

58. In view of the foregoing, Plaintiff hereby pleads the doctrine of *res ipsa loquitor*, including as to Defendants' negligent acts and/or omissions above.

### COUNT NO. 9 – NEGLIGENCE OF DEFENDANTS VIA RESPONDEAT SUPERIOR

59. Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

60. Defendants are vicariously liable for the conduct of their agents, servants, employees, representatives, and vice-principals acting in the course and scope of their employment, for the furtherance of Defendants' business, and/or with Defendants' authority and permission, including pursuant to Defendants' policies, procedures, and/or customs.

61. At the time of the incident in question, and immediately prior thereto, Defendants' agents, servants, employees, representatives, and vice-principals performed and/or failed to

perform the acts and/or omissions contained in this pleading.

62.     At the time of the incident in question, and immediately prior thereto, Defendants' agents, servants, employees, representatives, and vice-principals, including those who were in any way connected with the occurrence, were acting within the course and scope of their employment for Defendants, including pursuant to Defendants' policies, procedures, and/or customs.

63.     At the time of the incident in question and immediately prior thereto, Defendant's agents, servants, employees, representatives, and vice-principals were engaged in the furtherance of their office or employment and/or Defendants' business, including pursuant to Defendants' policies, procedures, and/or customs.

64.     At the time of the incident in question and immediately prior thereto, Defendants' agents, servants, employees, representatives, and vice-principals were engaged in accomplishing a task for which the Defendants' agents, servants, employees, representatives, and vice-principals were employed, including pursuant to Defendants' policies, procedures, and/or customs.

65.     In the above connections, the agents, servants, employees, representatives, and vice-principals were acting within the course and scope of their authority, and with the knowledge of Defendants, including pursuant to Defendants' policies, procedures, and/or customs.

66.     Defendants had assented to the dangerous conduct of their agents, servants, employees, representatives, and vice-principals, including pursuant to Defendants' policies, procedures, and/or customs, and/or have ratified all of their activities relative to the injuries and damages of Plaintiff.

67.     Plaintiff invokes the doctrine of *respondeat superior* against Defendants. Defendants are vicariously liable for the negligence of Defendants' agents, servants, employees, representatives, and vice-principals.

### RESERVATION OF RIGHTS

68.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

69.     Plaintiff specifically reserves the right to bring additional causes of action against Defendant and to amend this Petition as necessary.

### ACTUAL DAMAGES

70.     Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

71.     Including as set forth hereinabove, as a proximate result of the acts and/or omissions of Defendants, together and/or separately, including by and through their employees, Plaintiff was injured. Further, to the extent, if any, that Plaintiff suffered from any pre-existing and/or prior condition, if any, such acts and/or omissions, at a minimum, resulted in aggravation and/or worsening of such condition to the point that it became symptomatic or more symptomatic than it was prior. The acts and/or omissions of Defendants, together and/or separately, including by and through their employees, has proximately caused Plaintiff to suffer the following elements of damages in the past and Plaintiff will, in all reasonable probability, continue to suffer such elements of damage in the future, including, but not necessarily limited to:

      a.   physical pain;

      b.   medical bills and expenses;

      c.   mental anguish;

      d.   physical impairment,

      e.   mental impairment;

      f.   disfigurement;

      g.   lost wages and wage earning capacity;

     h.   attorneys' fees; and

     i.   court costs.

72.    Plaintiff has suffered injuries and damages from Defendants' wrongful conduct described herein. As discussed herein in this Complaint, Plaintiff has suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future, for which Defendants are jointly and severally liable.

73.    Both the CONSTITUTION OF THE UNITED STATES and the CONSTITUTION OF THE STATE OF TEXAS provide Plaintiff with the inalienable, fundamental right to have Plaintiff's case heard and decided by a jury of Plaintiff's peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of Defendants' wrongful actions and omissions described hereinabove which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages that Plaintiff is seeking, Plaintiff believes that, when the totality of Plaintiff's damages are considered, along with the wrongful nature of Defendants' conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed two hundred thousand dollars but are less than one million dollars. Plaintiff therefore sues for monetary relief between $200,000 and $1,000,000, to be determined by the jury in its sole discretion.

## *EXEMPLARY DAMAGES*

74.    Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

75.    The harm and damages suffered by Plaintiff resulted from a specific intent by Defendants to cause substantial injury to him. Plaintiff is entitled to exemplary damages for

Defendants' intentional violations, under color of state law, of Plaintiff's constitutional rights guaranteed by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

76.    The acts and/or omissions on the part of the Defendants, including by and through their employees, including as set forth above, were more than mere momentary thoughtlessness, inadvertence, or error of judgment. Such acts and/or omissions constituted such an entire want of care as to establish that they were the result of actual conscious indifference to the rights, welfare, or safety of the persons affected by them in the future, namely Plaintiff.

77.    Such intentional harmful conduct resulted in the injuries and damages of Plaintiff set forth herein, and it is on the basis of such that Plaintiff hereby respectfully seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Honorable Court.

### *ATTORNEYS' FEES*

78.    Plaintiff hereby respectfully refers to, and incorporates, the facts and allegations explained and stated hereinabove as if fully set forth herein.

79.    As a result of the Defendants' actions and/or omissions described herein, Plaintiff had to retain a licensed attorney to protect his rights. Plaintiff will also expend costs and possibly expert witness fees. Therefore, pursuant to 42 U.S.C. § 1988, Plaintiff hereby respectfully requests this Honorable Court award Plaintiff any and all costs, reasonable attorneys' fees (through trial and all appeals), and expert witness fees incurred by Plaintiff in furtherance of this litigation.

### *JURY DEMAND*

80.    Plaintiff hereby respectfully demands a jury trial on all issues which may be tried to a jury.

### *PRAYER FOR RELIEF*

WHEREFORE PREMISES CONSIDERED, Plaintiff hereby respectfully requests that Defendants be cited to appear and answer, and that, upon final trial, this Honorable Court enter

judgment in favor of Plaintiff and against Defendants, jointly and severally for, and grant Plaintiff relief:

a.   actual damages in an amount to be determined by the jury;

b.   exemplary damages in an amount to be determined by the jury;

c.   reasonable and necessary attorneys' fees, costs, and expert witness fees available under law;

d.   pre-judgment interest at the maximum amount allowed by law;

e.   post-judgment interest at the maximum amount allowed by law; and

f.   any and all such other and further relief, whether legal or equitable, general or specific, to which Plaintiff may be shown to be justly entitled.

Dated: September 30, 2019                    Respectfully submitted,

THE NIELSEN LAW FIRM, P.C.

BY:   /s/ Eric D. Nielsen_____
Eric D. Nielsen (**Lead Counsel**)
  Texas Bar No. 15021625
  SDTX Bar No. 806
  eric@nielsentriallaw.com
Shea N. Palavan
  Texas Bar No. 24083616
  SDTX Bar No. 1692329
  shea@nielsentriallaw.com
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
T: (713) 524-4800
F: (888) 587-9443
service@nielsentriallaw.com

*Attorneys for Plaintiff,*
*James Bagley*