UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| James Bagley; § | | |
| *Plaintiffs,* § | | |
| § | | |
| v. § | | Civil Action No.: 4:19-cv-03755 |
| § | | |
| Montgomery County Sheriff's Office and § | | |
| Montgomery County, Texas; § | | |
| *Defendants.* § | | JURY DEMANDED |

**MONTGOMERY COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM ON GROUNDS OTHER THAN STATUTE OF LIMITATIONS**

TO THE HONORABLE CHARLES ESKRIDGE:

Defendants file this reply to address the cases cited by Plaintiff's response.

1. Mr. Bagley relies on *Jenkins v. State,* 570 S.W.2d 175 (Tex.Civ.App.—Houston[14th], 1978, no writ). *Doc. 26 paragraph 11.* Mr. Bagley's reliance on this case has at least the following problems:

    a. The case was disapproved of by the Texas Supreme Court. *University of Texas Medical Branch v. York,* 871 S.W.2d 175, 179 (Tex.1994).

    b. The *Jenkins* Court relied on *Lowe v. Texas Tech University*, 540 S.W.2d 297 (Tex.1976). *Jenkins,* at 178. *Lowe's* holding was limited by *Kerrville State Hosp. v. Clark,* 923 S.W.2d 582 (Tex.1996). The *Kerrville* Court reasoned that, holding the use or non-use of medication to be use of tangible property would render immunity a "nullity." *Kerrville,* at 586. The Court then determined that the Legislature did not intend the Tort Claims Act to abolish immunity, and therefore held "the failure to prescribe a certain form of a drug simply does not fall within the definition of use under the Act[.]" *Id.*

Therefore, Mr. Bagley's reliance on *Jenkins* is misplaced.  The line of cases *Jenkins* relies on shows that the non-use of certain medications, especially considering that he was receiving medications, is not a waiver of immunity under the Tort Claims Act.

2. Mr. Bagley relies on *Prewitt v. Roos,* 160 F.App'x 609, 611 (9th Cir.2005). *Doc. 26 paragraph 16*.  Mr. Bagley's reliance on this case is misplaced, because:

    a. A memorandum opinion out of the Ninth Circuit is not binding on this Court.

    b. *Prewitt* involves the jail officials' refusal to follow doctor's orders.  *Prewitt,* at 610-611.  Conversely, the jail officials in this case did follow the doctor's orders.  Mr. Bagley's real complaint is that the doctor treating him while he was in jail prescribed a different medicine regimen than Mr. Bagley's private physician.  There are no allegations that jail officials failed to provide the medicine regimen prescribed by the doctor treating Mr. Bagley while he was in jail.

## PRAYER

Montgomery County prays this Court dismiss this case for failure to state a claim and for all other relief to which they may be entitled.

Respectfully submitted,

BY:_____s/ Daniel Plake_____
Daniel Plake
Assistant Montgomery County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone:        (936) 539-7828
Facsimile:    (936) 538-8079
ATTORNEY FOR MONTGOMERY
COUNTY  DEFENDANTS

<u>Certificate of Service</u>

I hereby certify that on July 21, 2020 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Eric D. Nielsen
Shea N. Palavan
The Nielsen Law Firm, P.C.
9800 Northwest Freeway, Suite 314
Houston, Texas 77092
Facsimile 888-587-9443
service@nielsentriallaw.com
Attorney for Plaintiff James Bagley

                                                                                        s/ Daniel Plake_____